UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 6/26/96**

HAROLD D. HORNSBY, )
)
    Plaintiff-Appellant, )
)
and )
)
JESSE WATSON, )
)
    Plaintiff, )
)
vs. )      No. 95-6388
)   (D.C. No. CIV-93-1388-L)
DAN REYNOLDS, LARRY A. FIELDS, )     (W.D. Okla.)
FRED COOK, BILL SHORES, ROSE )
ARDESE, GLENDA BLEVINS, JOHN )
EAST, )
)
    Defendants-Appellees. )
)

ORDER and JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument.

Plaintiff Harold D. Hornsby appeals the district court's entry of summary judgment in his 42 U.S.C. § 1983 civil rights action. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Plaintiff, a pro se inmate, brought this § 1983 action against officials of the Oklahoma Department of Corrections alleging constitutional violations arising from the conditions under which Plaintiff was confined at the Administrative Segregation Transit Unit ("Transit Unit") at Oklahoma State Penitentiary. Plaintiff alleged that Defendants violated his: (1) federal and state due process rights by placing him in the maximum-security Transit Unit when he was eligible for a medium-security facility, keeping him in the Transit Unit in excess of 15 days, and by failing to review Plaintiff's class level status every four months; (2) Fourteenth Amendment equal protection rights by transferring other medium-security inmates out of the maximum-security Transit Unit prior to Plaintiff; (3) Sixth Amendment right of access to the courts; and (4) Eighth Amendment right to be free from cruel and unusual punishment while detained at the Transit Unit. Plaintiff also alleged that Defendants conspired to deprive him of his constitutional rights.

Defendants moved for summary judgment. The magistrate judge, with the benefit of a Martinez report, recommended that the district court grant summary judgment. After reviewing the magistrate's report and Plaintiff's objections, the district court entered summary judgment in favor of Defendants.

On appeal, Plaintiff contends that the district court erred in granting Defendants'

motion for summary judgment because genuine issues of material fact were in dispute.

We have reviewed the briefs of the parties, the district court's order, the magistrate's report and recommendation, and carefully examined the entire record on appeal. Based upon our review of the record, we find no reversible error and AFFIRM for substantially the same reasons set forth in the district court's order and the magistrate's report and recommendation.[1]

AFFIRMED.

Entered for the Court

Bobby R. Baldock

---

[1]     We deny Plaintiff's: (1) motion to certify questions of state law to the Oklahoma Supreme Court; (2) motion for judicial notice; and (3) petition for a writ of mandamus.